**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |
|---|---|
| : | |
| HH MEDICAL, INC., F/K/A APOTHECOM : | |
| SCOPEMEDICAL INC., : | |
| : | |
|      Plaintiff, : | Case No. 23-CV-08809 (ER) |
| -against- : | |
| : | |
| ANNA WALZ and JOHN WALZ, : | |
| : | **ANSWER, COUNTERCLAIM,** |
|    Defendants/Counterclaimants : | **and SEPARATE DEFENSES** |
| : | |

_____

Defendants/Counterclaimants Anna Walz and John Walz, by their attorney The Law

Offices of Bruce E. Baldinger, LLC, makes this Answer to the Complaint of Plaintiff HH Medical,

Inc. f/k/a Apothecom Scopemedical, Inc.  ("HH Medical"), as follows:


### NATURE OF ACTION

1.      Plaintiff has included an allegation which exceeds that permitted under

*Fed.R.Civ.Pro.* 8(a)(2) and is compound in nature.  Otherwise, it is admitted that this is an action

arising out of the sales transaction but it is denied that there were any breaches on the part of

Defendants.

2.      Plaintiff has included an allegation which exceeds that permitted under

*Fed.R.Civ.Pro.* 8(a)(2) and is compound in nature.  Otherwise, it is admitted that the agreement

contained an indemnification provision but it is denied that there were any breaches on the part of

Defendants.  It is also admitted that Plaintiff seeks damages but Defendants deny the entitlement

thereto.

**PARTIES**

3.      Plaintiff can neither admit nor deny and lease Plaintiff to its proofs.

4.      Admitted.

5.      Admitted.

**JURISDICTION AND VENUE**

6.      Admitted.

7.      Admitted.

8.      Admitted.

**ALLEGATIONS COMMON TO ALL CLAIMS**

9.      Defendants have not been involved in MedEvoke since the transaction and is

unaware of its present business, if any and thus leaves Plaintiff to its proof.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Denied as the allegation does not properly depict the provision.

16.     Admitted.

17.     Denied.

18.     Admitted.

19.     Denied.

20.     Denied.

21.     Admitted.


Indemnification Obligations under the Purchase Agreement

22.     Admitted.

23.     Admitted that such is a partial quote from the agreement.

24.     Denied.

25.     Denied as Plaintiff has provided only a partial quote of the complete definition of

losses.

The Financial Statements

26.     Admitted at disclosure statements and schedules were provided at closing.

27.     Denied as the allegation does not properly and fully describe the stated

documents.

28.     Denied.

29.     Defendants can neither admit nor deny what is relevant at this stage in the

litigation and therefore denied the allegation.

30.     Denied.

Heading Denied.

31.     Admitted.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Admitted.

47.     Denied as to the first sentence.  As to the second sentence, there is no obligation

Heading Denied.

48.     Denied.

49.     This party can neither admit nor deny and leaves Plaintiff to its proofs.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.    Denied.

## FIRST CAUSE OF ACTION

60.    Defendant repeats the responses to the averments stated in paragraphs 1 through 59 of the Answer as if set forth fully herein.

61.    Admitted.

62.    Denied.

63.    Admitted.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff has failed to comply with its duty to mitigate and to act in a commercially reasonable manner.  Plaintiff has taken no steps to mitigate its damages whatsoever. To the extent Defendants are found to be liable, that amount must be offset by the amount Plaintiff has received in mitigation, has received through later sums having been realized, or such sums as Plaintiff would have received if it had fully performed its obligation to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE
(Setoff)

Due purely to accounting maneuvers by Plaintiff, Plaintiff not only has sought to obtain a windfall but failed to properly compensate Defendants for the purchase of their interest in the business. To the extent that the Court finds Defendants liable to Plaintiff such amount must be setoff in whole or in part by the amounts that Plaintiff owes Defendants.

## FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff is estopped from enforcing any of the alleged rights, claims and obligations it seeks to enforce against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
(Failure of Consideration)

Defendants' obligation to perform any of its alleged obligations under the Purchase Agreement was and remains excused for a failure of consideration.

## SIXTH AFFIRMATIVE DEFENSE
(Actions of Plaintiff and Third Parties)

Defendants' obligation to perform any of their alleged obligations under the Purchase Agreement was excused by Plaintiff's actions or the actions of third parties.

**SEVENTH AFFIRMATIVE DEFENSE**
(Lack of Damages)

Plaintiff has not suffered any damages as a result of any actions taken by Defendants, and Plaintiff is barred from asserting any cause of action against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**
(Breach of Contract)

Plaintiff failed to comply with terms of the Purchase Agreement and is therefore barred from asserting any cause of action against Defendant, or its claimed damages must be offset by the amount of damages caused by Plaintiff's own failure to comply with the Purchase Agreement.

**NINTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

Each of the alleged causes of action contained in the Complaint is barred by the equitable doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**
(Mistake)

Plaintiff's Complaint is barred by the parties' unilateral or bilateral mistake.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Failure of Condition Precedent)

Plaintiff's Complaint is barred by a failure of a condition precedent.

**RESERVATION OF RIGHTS**

Defendants expressly reserve the right to supplement or amend this reply to Plaintiff's Complaint and add additional defenses, including affirmative defenses, which may be discovered or become relevant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays for relief as follows:

a.  Dismissing Plaintiff's Complaint, with prejudice.
b.  Awarding counsel fees;
c.  Awarding costs of suit;
d.  Such further relief as the Court should deem appropriate.

## COUNTERCLAIM

Defendants/Counterclaimants Anna Walz and John Walz (collectively "Sellers"), by way of counterclaim, alleges as follows:

1.      Pursuant to a Membership Purchase Agreement ("Purchase Agreement") between HH Medical (as identified in Plaintiff's Complaint) and Sellers, Sellers agreed to sell to HH Medical their entire interest in Medisys Health Communications, LLC, d/b/a MedEvoke ("MedEvoke").

2.      Pursuant to Article II of the Purchase Agreement, the purchase price for Sellers' shares was $12,500,000 upon closing and $7,500,000 as a post-closing payment to be made no later than September 30, 2021.

3.       Section 2.1.4 of the Purchase Agreement required that within 30 days following the Final Consideration Determination (as defined under Section 2.2.2) HH Medical was to pay to Sellers an additional Final Consideration Payment ("FCP") of ten times the 2021's EBITDA less $20,000,000 but in an amount no greater than $5,000,000.

4.      Section 2.2.2 of the Purchase Agreement required that as soon as practicable following December 31, 2021, but in no event after April 1, 2022, HH Medical was to prepare a reported under GAAP containing "an  unaudited balance sheet of the Company as of December

31, 2021, and a related unaudited statement of income of the Company for the 2021 calendar year, together with a statement setting forth the calculation of 2021 EBITDA in accordance with Section 2.2.6 and the FCP, and all other adjustments required to be made to such financial statements in order to make the calculations required under this Section 2.2."

5.      HH Medical failed and refused to provide the report or documentation as was incumbent upon them to provide before the April 1, 2022 date.

## FIRST CAUSE OF ACTION
(Breach of Contract)

6.      Anna and John Walz reassert the averments alleged in the preceding paragraphs as if set forth at length herein.

7.      The Purchase Agreement is a valid and binding contract between HH Medical and Sellers.

8.      Sellers performed all of their material duties and responsibilities pursuant to the Purchase Agreement and tendered to HH Medical all of their rights, title and interest in MedEvoke.

9.      Pursuant to Article II, no later than April 1, 2022, HH Medical was obligated to provide an accounting and documentation by which Sellers were to receive an earn-out based upon 2021 EBITDA.

10.     HH Medical was obligated to provide not only the accounting and documentation, but to make payment of up to $5,000,000 to Sellers.

11.     HH Medical breached its covenants and obligations under the Purchase Agreement by failing to provide the accounting or to pay the FCP to Sellers.

12.     As a result, Sellers have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaimants Anna Walz and John Walz demands

judgment against Plaintiff HH Medical Inc., as follows:

    a. Compensatory damages in an amount to be determined at trial;
    b. Interest;
    c. Attorneys fees;
    d. Costs of suit;
    e. Such further relief as the Court should deem appropriate.


                *Bruce E. Baldinger*
                Bruce E. Baldinger, Esq.
                **The Law Offices of**
                **Bruce E. Baldinger, LLC**
                365 South Street
                Morristown, NJ 07960

                43 West 43rd Street
                New York, NY 10036
                bbaldinger@baldingerlaw.com
                908.218.0060

Dated: June 7, 2024